NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERNON DOCKERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM BRINK; KEANSBURG<br>POLICE DEPARTMENT<br><br>　　　　　Defendants. | Civil No. 10-6033 (GEB)<br><br>**OPINION AND ORDER** |

**BROWN, Chief Judge**

　　Plaintiff Vernon Dockery ("Plaintiff"), having submitted a complaint in the above captioned matter, and it appearing that:

　　1.　The Clerk will not file the complaint and the amended complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  *See* Local Civil R. 5.1(f).

　　2.　The filing fee for commencing a civil action in this court is $350.00.  *See*  28 U.S.C. § 1914(a).

　　3.　Plaintiff did not prepay $350.00; rather, he submitted his application to proceed in this matter *in forma pauperis*, pursuant to 28 U.S.C. § 1915 ("Application").

　　4.　In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty. *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969) (finding affiant's application legally

insufficient where the application failed to state the facts of affiant's poverty with any degree of particularity, definiteness or certainty) (citing *United States v. Coor*, 213 F. Supp. 955, 956 (D.D.C. 1963), *rev'd on other grounds*, 325 F.2d 1014 (D.C. Cir. 1963); *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

     5. In his Application, Plaintiff stated that he is currently unemployed; that he receives $1,036.00 per month in social security; that his monthly expenses include a rent or mortgage payment of $850.00, utilities of $60.00, and food and other expenses of $100.00.  (Doc. No. 1-1.)

     6. It has been noted that "[w]here an unrepresented [p]laintiff in a civil suit is indigent, and where good cause exists for the appointment of pro bono counsel under 28 U.S.C. §1915(e)(1), the District Court has the discretion and authority to appoint pro bono counsel even in the absence of a specific motion to do so, pursuant to *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993)." *Williams v. Hayman*, 488 F. Supp. 2d 446, 447 (D.N.J. 2007).  "The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997)(citations omitted).  However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1).  District courts are vested with broad discretionary authority to determine whether counsel should be designated to such a civil *pro se* plaintiff.  *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994).

> The appointment of counsel for an indigent plaintiff in a civil case under 28 U.S.C. §1915[(e)(1)] is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case.

Id. at 154 (citation omitted).

7. However, the Third Circuit has clearly indicated that courts should be careful in appointing pro bono counsel because volunteer lawyer time is a precious commodity and it should not be wasted on frivolous cases. *See Parham*, 126 F.3d at 458. Therefore, the appointment of counsel should be given consideration only if the plaintiff has not alleged a frivolous or malicious claim, but one that has "some merit in fact and law." Id. at 457 (citation omitted); *see also Tunnell v. Gardell*, 2003 U.S. Dist. LEXIS 27544, at *1 (D. Del. Mar. 14, 2003) (citing *Parham*, 126 F.3d at 457) (other citations omitted)).

8. If the court determines that the claims do indeed have some merit in fact and law, then additional factors should be considered. These factors include: (1) the plaintiff's ability to present his or her case based on such factors as education, literacy, prior work experience, prior litigation experience, the substantive nature of the claim, and/or the ability to understand English; (2) the complexity of the legal issues involved and the lawyering skills required for an effective presentation of the claim; (3) whether the claims are likely to require extensive discovery or compliance with complex discovery rules; and (4) whether the case is likely to turn on credibility determinations or if expert testimony is necessary. *See Tabron*, 6 F.3d at 155-56. The Third Circuit noted that this list is not exhaustive, and stressed that the "appointment of counsel remains a matter of discretion; section 1915[(e)(1)] gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis." *Id.* at 157-58 (citations omitted). Moreover, the court emphasized that these considerations should be balanced against "the significant practical restraints on the district court's ability to appoint counsel," such as: the growing number of prisoner civil rights actions filed in federal court, the lack of funding to pay for the appointed counsel; the limited number of competent attorneys willing to undertake such cases without compensation; and the valuable time

lawyers volunteer for such representation. *See id.* at 157.

9. Plaintiff is in the early stages of this process and at this time Plaintiff has not and is unable to show that the existence of "special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case." *Tabron*, 6 F.3d at 154.

IT IS THEREFORE on this 28th day of January, 2011, hereby

ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED; and it is further

ORDERED that the Clerk shall file the Complaint; and it is further

ORDERED that the Clerk issue summons and the United States Marshal serve a copy of the complaint, summons and this order upon the Defendants as directed by the plaintiff. All costs of service shall be advanced by the United States; and it is further

ORDERED that Plaintiff's Application for Pro Bono counsel is DENIED without prejudice.

                                                  s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.