**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VERNON DOCKERY,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM BRINK AND KEANSBURG POLICE DEPARTMENT,<br><br>Defendants. | Civil Action No. 10-6033 (PGS)<br><br>**MEMORANDUM & ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court by defendants',William Brink ("Brink") and Keansburg Police Department ("Keansburg") (referred to collectively as "Defendants") on a second motion to dismiss plaintiff's, Vernon Dockery ("Dockery"), amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF 33). For the reasons set forth below, the Defendant's motion to dismiss is granted in part and denied in part.

## I. FACTS AND PROCEDURAL HISTORY

Dockery filed a complaint on November 17, 2010. Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On April 11, 2011, U.S. District Judge Garrett E. Brown, Jr. issued a decision dismissing the complaint without prejudice and with leave to file an amended complaint on or before May 6, 2011. Dockery filed A "second amended verified complaint on May 6, 2011 (ECF 16). The complaint is sixteen pages long

and, in part, and is confusing. Since Plaintiff did not number the paragraphs of his Complaint, the Court has numbered the pages of the complaint at the bottom right of each page (see Rider). As such, the Complaint will be discussed by page, and the Court will determine which pages are sufficient, and which are dismissed for lack of clarity.

Dockery submitted two letters in response to Defendant's motion to dismiss. The first stated that he was moving toward a summary judgment motion, was entitled to judgment as a matter of law. (ECF 34). Since defendant has not yet answered the complaint, this motion is premature and is dismissed. Dockery's second letter appears to be a notice of motion for summary judgment. There are no documents attached to Dockery's one page submission. (ECF 35). Since the motion does not set forth any reasoning, a statement of uncontested facts or a brief, it is dismissed.

**II.**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See, e.g., *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2000), cert. denied, *Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct.

at 1949; *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir.1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). The Supreme Court has recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); see also *Iqbal*, 129 S. Ct. at 1949-50. Here, the Plaintiff has submitted a sixteen page complaint, some of which meets the standard above and other which do not. The Complaint is analyzed below.

Page 1: The caption sufficiently identifies the suit.

Page 2 is dismissed. In this case, Plaintiff seeks relief for violations of civil rights which is (42 U.S.C. § 1983). Page 2 is a list of other statutes. As such, page two is dismissed.

Page 3 alleges the Court has jurisdiction under 42 U.S.C. § 1983. This is a sufficient statement of jurisdiction. Defendants must answer.

Page 4 alleges facts which are clearly stated and should be answered by defendant. They are that:

(a) Officer Brink seized Dockery's identification card and ran it through a police computer system; and

(b) Officer Brink "grabbed, choked and "ran his [Dockery's] back into steel gate."

Page 5 alleges a violation of the fourteenth amendment and seeks nominal relief. It does not set forth any facts, and it does not relate this cause of action to any facts. This page is dismissed because it does not meet the legal standard set forth above.

Page 6 is another page asserting jurisdiction. Since page 3 is sufficient, page 6 is dismissed.

Page 7 indicates that on August 5, 2010, Officer Brink "yelled and cursed" at Dockery. Officer Brink questioned him and "forced plaintiff to hand his identification card over." These allegations are sufficient to answer.

Page 8 indicated that on August 18, 2010, Dockery was arrested by Officer Brink "for sticking up his middle finger" which Dockery alleges violates his first amendment rights. This allegation is sufficient to answer.

Pages 9 -10 . These pages either restate what has been discussed in previous allegations or do not set forth a clear statement of the any claim. Pursuant to Rule 8. As such, these pages are dismissed for failure to meet the legal standard above.

Page 11 alleges that Dockery was falsely arrested on August 5 and August 18, 2010 by Officer Brink. These allegations are sufficient to answer.

Pages 12 - 16. These pages do not set forth a clear and plain statement of a claim. They are dismissed for failure to meet the legal standard above.

Dockery has alleged Section 1983 claims against Keansburg Police Department and Officer Brink for violations of certain civil rights. The Complaint does not contain any allegations against the Keansburg Police Department. Dockery has failed to include any facts in the Amended Complaint alleging that any Keansburg policies or customs violated his constitutional rights. As such, Dockery has failed to state a claim upon which relief can be granted against Keansburg, and therefore, his claims against Keansburg are dismissed with prejudice.

ORDER

IT IS on this 27th day of September, 2012;

ORDERED that the motion to dismiss by the defendant (ECF 33) is denied in part and granted in part; and it is further

ORDERED that pages 2, 3, 6, 9, 10, 12, 13, 14, 15 and 16 of the complaint are dismissed; and it is further

ORDERED that Defendant, Police Officer Brink, must answer pages 3, 4, 7, 8, and 11 of the Complaint; and it is further

ORDERED that the Complaint is dismissed against the Keansburg Police Department; and it is further

ORDERED that motions for summary judgment (ECF 34 and 35) are denied; and it is further

ORDERED that the Clerk will send a copy of this Memorandum and Order by mail to Mr. Dockery.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.